IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Petitioner,              Case No. 3:09 CR 182

    -vs-

JOHN E. GRAY, et al.,                      MEMORANDUM OPINION
                                                                              AND ORDER

                Respondent.

KATZ, J.

      Defendant John E. Gray has filed a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)(1); the Government has filed an opposition thereto; and Gray has filed a reply. This Court, having sat through the long trial involving Gray and three co-defendants and after review of the memoranda noted above will deny the motion.

      Trial of the matter began on November 1, 2010. Briefly stated, the underlying issues involved an incident at the Lucas County Jail on May 30, 2004. Carlton Benton was an inmate at the County Jail and had been returned from the intensive care unit at St. Vincent Hospital to a second floor medical unit at the jail. He struggled with authority upon being removed from the hospital unit and again at the jail in the second floor medical unit. The jury obviously determined that Gray applied a "sleeper hold" to Mr. Benton during the course of attempting to remove restraints. That attempt was by not only Gray, but several other sheriff's deputies. Mr. Benton was rendered unconscious and the jury found that Defendant Gray left the medical unit without informing anyone of that condition or of the fact that Defendant Gray had used a "sleeper hold" on Mr. Benton. Benton was subsequently found unconscious in the medical cell; although paramedics were able to restore his pulse, he never regained consciousness and died on June 2, 2004 at the hospital.

Gray was charged in the indictment in five of the twelve Counts therein and on December 3, 2010 the jury returned a verdict of guilty as to Gray in Counts Two, Four and Five and not guilty as to Counts one and nine. As pointed out in the memorandum accompanying the motion, the jury acquitted Gray pursuant to Special Verdict Form as to Count Two which had charged that death resulted as part of the conduct of Gray.

The memoranda of the Government and Gray clearly outline the background other than as set forth above. It is the position of Gray that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". With this the Court disagrees, as does the Government. The legal standard controlling Rule 29 motions requires a high degree of deference to be given to the decisions of the jury.

> It is well settled that the test to be applied by a t rial court in determining a defendant's motion for acquittal pursuant to Rule 29 . . . is taking the evidence and inferences most favorably to the government, if there is such evidence therefrom to concluded that a reasonable mind might fairly find guilt beyond a reasonable doubt. The issue is for the jury.

*United States v. Overmyer*, 867 F.2d 937, 938-39 (6th Cir. 1989). As noted in the *Overmyer* case, "the court assumes the truth of the evidence offered by the prosecution". Using that deferential standard, the granting of a motion of acquittal pursuant to Rule 29 is extremely rare and confined to those cases where it is relatively obvious that the Government's failure as to proof beyond a reasonable doubt is clear.

In the case here at issue, Defendant Gray takes the position that there was insufficient evidence as to which a rational jury could determine that he knew of and disregarded Benton's objectively serious medical needs and, therefore, failed to report same, exhibiting deliberate indifference to that serious medical condition. As pointed out in the Government's memorandum,

this ignores the fact that Gray himself rendered Benton unconscious through the application of a sleeper hold, a condition he remained in when Gray left the cell and that Gray does not dispute that he left him without reporting that condition. Ample evidence was produced by the Government at trial justifying the determination by the jury that Gray both applied the sleeper hold and that he left Benton unconscious and failed to report that condition to anyone. The jury's obvious inference of Defendant Gray's knowledge of and indifference to the medical condition of Benton was justified by the quantum of evidence related thereto which the Government produced and which was obviously believed by the jury. The fact that the jury did not find this Defendant guilty of causing the death of Benton as charged in Count One of the indictment but did find him guilty under Count Two indicates the careful consideration that the jury gave to the evidence deducted in this long trial.

For the reasons noted above, this Court finds that when the evidence is construed under Rule 29 in a light favorable to the Government, it is clear that there was ample evidence from which the jury was permitted to conclude, beyond a reasonable doubt, that Defendant Gray acted with deliberate indifference to Benton's medical needs. For that reason alone, Defendant Gray's motion for acquittal will be denied.

IT IS SO ORDERED.

                 S/ *David A. Katz*
                 DAVID A. KATZ
                 U. S. DISTRICT JUDGE